■ In the Matter of the Claim of MIKOLA DOROSHENKO, Respondent, v. GENERAL MOTORS CORP., et al., Appellants, and SPECIAL DISABILITY FUND, Respondent. WORKMEN'S COMPENSATION BOARD, Respondent.— Appeal by an employer and its carrier from a decision of the Workmen's Compensation Board which denied their claim for reimbursement by the Special Disability Fund under subdivision 8 of section 15 of the Workmen's Compensation Law on a finding "that the employer did not have knowledge of a pre-existing permanent physical impairment within the meaning of the law." Claimant, employed as a general porter since 1955, sustained an accidental injury on January 15, 1960 resulting in the detachment of the retina of the left eye which operative procedures failed to correct; his loss of vision in that eye is total and he has received an award of compensation accordingly together with an additional one for permanent serious facial disfigurement, neither of which is here contested. In support of their contention that the employer had made an informed judgment that claimant, when employed, was suffering from a permanent physical impairment likely

to be a hindrance to employment appellants rely on reports of pre-employment examinations conducted by Doctor Casale and by the New York Eye and Ear Infirmary which its personnel file contained. These records indicated that claimant was afflicted with severe myopia in both eyes correctable by the use of eyeglasses only to the extent of 20/40 in each eye. Doctor Casale's report also included the comment that he " [might] do job which does not involve hazards ". On an accompanying placement form he recommended to the employer a general employment restriction with particular reference to claimant's avoidance of extensive car driving, eyestrain and contact with hazardous machinery none of which insofar as the record indicates bore relevancy to claimant's duties as a porter. There is no testimony by the employer that effect was given the contents of the documents in arriving at its determination to hire claimant. While it is true that the records could provide a reasonable basis for an informed judgment by the employer that claimant's abnormalities constituted a permanent physical impairment which was or was likely to be an obstacle to employment, we cannot say as a matter of law that the board could not have drawn the countervailing inference that the employer did not so conclude which, of course, would support the board's finding and interdict interference by us. (*Matter of Echols* v. *Hooker Electrochemical Co.*, 14 A D 2d 475; *Matter of Tucci* v. *Carey & Co.*, 15 A D 2d 683, amdg. 15 A D 2d 622; *Matter of Fitzgerald* v. *News Syndicate Co.*, 17 A D 2d 893.) Decision affirmed, with costs to the Special Disability Fund. Gibson, P. J., Herlihy, Reynolds, Taylor and Aulisi, JJ., concur.